UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:13-CV-1283 |
| | : | |
| v. | : | |
| | : | (JUDGE NEALON) |
| MAGISTRATE JUDGE ZOLA, ET AL., | : | (MAGISTRATE JUDGE BLEWITT) |
| Defendants | : | |

FILED
SCRANTON
JUL 3 0 2013
PER _____
DEPUTY CLERK

MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names Magistrate Judge Joseph Zola and Detective Zeprovski, Lieutenant Lenard, and an unknown Police Officer of the Hazleton Police Department as Defendants. (Id.). Plaintiff alleges that Defendant Zola allowed an unnamed Hazleton Police Officer to fill out the Magisterial District Judge's portion of the criminal complaint, that the Officer accidentally wrote his badge number in for the year and attempted to slant his handwriting in the same direction as Defendant Zola's, that Defendant Zola stamped his signature, and that Defendant Lenard wore a "ninja mask" during the proceeding in an attempt to intimidate Plaintiff. (Id.) For relief, Plaintiff seeks, inter alia, the dismissal of his state charges, a ruling on the inaccuracy and unreliability of the criminal complaint, a fine against Defendant Lenard for wearing his ninja mask, and monetary damages. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 3).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 6) (citing Pub. L. No. 104-134,

---

[1] Plaintiff has since been released on bail. See (Docs. 7-8).

110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On June 5, 2013, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed with prejudice and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Doc. 9). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, two days after the R&R was issued. (Id.).[3] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir.

---

[2]Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[3]Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## Discussion

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 6, pp. 4-5). Initially, Magistrate Judge Blewitt determines that this Court cannot fine Defendant Lenard for wearing his "ninja mask" because a private person lacks standing to impose criminal liability on a defendant. (Id. at p. 7) (citing Conception v. Resnik, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005)). Furthermore, the Magistrate Judge finds that

3

Defendant Lenard's alleged conduct does not amount to a violation of Plaintiff's constitutional rights. (Id.). Accordingly, the Magistrate Judge decides that it would be futile to afford Plaintiff an opportunity to file an amended complaint with respect to Defendant Lenard. (Id.). See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). Next, Magistrate Judge Blewitt explains that section 1983 does not create any substantive rights. (Doc. 6, pp. 7-8) (citing Doe v. Delie, 257 F.3d 309, 314 (3d Cir. 2001)). "Rather, a plaintiff must prove an underlying statutory or constitutional violation in order to prevail under 42 U.S.C. § 1983." (Id.), quoting Douris v. Bucks County, 2005 U.S. Dist. LEXIS 1279, *35-40 (E.D. Pa. 2005). The Magistrate Judge determines that there are no allegations of personal involvement by Defendant Zeprovski and recommends his dismissal. (Id. at pp. 8-9) (quoting Rogers v. United States, 696 F. Supp. 2d 472, 488 (W.D. Pa. 2010)). The R&R states that the complaint also fails to sufficiently allege the personal involvement of the unnamed Police Officer in a violation of Plaintiff's constitutional rights. (Doc. 6, p. 9). Magistrate Judge Blewitt, after liberally construing the complaint, concludes that Plaintiff fails to state any cognizable constitutional claim. (Id.). Moreover, the R&R discusses the procedural history of the pending state action, explaining that criminal charges were bound over for trial following a preliminary hearing, that Plaintiff has been arraigned, has had a pre-trial conference, and is currently awaiting trial. (Id. at pp. 10-11). The Magistrate Judge finds that Plaintiff's claims regarding the criminal complaint and his arrest are barred by Heck because they would question the validity of Defendant Zola's findings and invalidate the pending criminal case. (Doc. 6, p. 11) (citing Heck v. Humphrey, 512 U.S. 477 (1994)). As to Defendant Zola, Magistrate Judge Blewitt determines that the doctrine of judicial immunity precludes Plaintiff's claims. (Id. at pp. 11-12) (quoting Clark v. Conahan,

737 F. Supp. 2d 239, 256 (M.D. Pa. 2010) (Caputo, J.)). Finally, the R&R explains that to the extent Plaintiff seeks the dismissal of his pending charges, he must file a habeas petition after fully exhausting his state court remedies. (Doc. 6, pp. 12-13), citing 28 U.S.C. § 2254; Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Having reviewed the R&R for clear error and finding none, it will be adopted. This Court agrees that the complaint fails to state any cognizable constitutional claim against any Defendant and concludes that it would be futile to allow an amendment. The complaint will be dismissed with prejudice in its entirety. Also, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate order will be issued.

Date: July 30, 2013            **United States District Judge**